UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS M.,[1]

       Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

20-CV-640-LJV
DECISION & ORDER

      The plaintiff, Thomas M. ("Thomas"), is a prevailing party in this social security benefits action. His counsel has moved for $7,130.10 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Docket Item 20. The defendant has not responded, and the time to do so now has expired. *See* Local Rule 5.5(f).

      The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court *shall* award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States . . . , *unless* the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). "The Government bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

reasonable person.'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). "The Government's position includes both 'the position taken by the United States in the civil action[] [and] the action or failure to act by the agency upon which the civil action is based.'" *Id.* (quoting 28 U.S.C. § 2412(d)(2)(D)).

The Commissioner here has not made any showing, let alone a strong one, that the underlying agency action was justified. Indeed, the Commissioner previously stipulated that its final decision be reversed. See Docket Item 18. "If a court determines that 'the underlying agency action was not substantially justified, the victim of that unjustified action is entitled to all reasonable attorney's fees,' including all fees and expenses 'reasonably incurred in connection with the vindication of his rights.'" *Smith by Smith v. Bowen*, 867 F.2d 731, 734 (2d Cir. 1989) (internal citations omitted). "Thus, if the underlying Government position is not substantially justified, a court *must* award fees for counsel's representation before the agency *and in all subsequent litigation of the matter*—even if the Government's litigation position is itself reasonable when considered alone." *Id.* (emphasis in original). Thomas therefore is entitled to fees for counsel's representation before this Court, even though the Commissioner's stipulating to remand may be considered "reasonable when considered alone." *See id.*

There also are no special circumstances that would make the requested award unjust. Just the opposite—the requested fee is quite reasonable. In "districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours." *Parsons v. Comm'r of Soc. Sec.*, 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008). Counsel here expended 33.5 hours, including

time spent on this motion, which is well within the average range.  And the requested fees will compensate counsel at the reasonable rate of approximately $212.84 an hour.

## **CONCLUSION**

For the foregoing reasons, Thomas's motion for EAJA fees, Docket Item 20, is GRANTED, and Thomas's counsel is awarded $7,130.10 in EAJA fees.

SO ORDERED.

Dated:     July 19, 2021
           Buffalo, New York


                                         */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE